IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OMAR MORENO-ESPADA<br>Petitioner<br>vs<br>UNITED STATES OF AMERICA<br>Respondent | CIVIL 09-1848CCC |

## OPINION AND ORDER

Petitioner Omar Moreno Espada filed a Motion Under 28 U.S.C. §2255 on August 25, 2009 (docket entry 1) claiming that he received ineffective assistance from his trial counsel. Specifically, Petitioner avers that on April 3, 2006 he entered a plea of guilty as to Counts One and Two of the Indictment filed in Criminal No. 05-0383(CCC) lacking knowledge of the consequences of such action since the plea agreement negotiated by his attorney with the government did not reveal his true sentencing exposure, and that once his Presentence Report (PSR) revealed that true sentencing exposure, the attorney was again negligent in failing to advise him that he could withdraw his plea before sentence under the "fair-and-just-reason" standard of Fed.R.Crim.P. 11(d)(2)(B). The United States opposed the Motion on October 27, 2009 (docket entry 3).[1] Petitioner then supplemented his Motion on May 22, 2010 (docket entry 6) with an additional, rather convoluted, argument. He there claims that as he only accepted guilt for having conspired to possess with intent to distribute drugs in violation of 21 U.S.C. §846, and he was charged in the indictment and sentenced for a violation of 21 U.S.C. §860, which in turn required having violated 21 U.S.C. §841(a)(1) (the substantive offense of possessing with intent to distribute drugs) which he avers not having admitted doing, he then could not be convicted and sentenced under §860.

---

[1] Petitioner requested leave to file a reply to this opposition on November 19, 2009 (**docket entry 4**). Said request is DENIED.

CIVIL 09-1848CCC                                        2

The standard that a defendant claiming ineffective assistance of counsel has to meet is clearly established: a defendant must show both that counsel's performance was deficient and that it prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To establish deficient performance, a defendant must show that, considering all the circumstances, "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. 2052. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052.

Here, Petitioner has failed to meet that standard. While his attorney may have incorrectly advised him on his probable sentencing exposure, "[a]n attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the prejudice prong of the ineffective assistance test." United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995). See also United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990); United States v. Sweeney, 878 F.2d 68, 69 (2d Cir. 1989). In any event, Petitioner was specifically advised during the Rule 11 plea colloquy that the Court was not bound by the sentencing guidelines calculations and the sentencing recommendation contemplated in the Plea Agreement. The following exchange took place during the change of plea hearing:

> THE COURT: Okay, I would like the Defendants to be aware that any sentence imposed by the Court is entirely in the discretion of the Sentencing Judge. And, that the Court has the authority to impose any sentence, within the statutory maximum, for the offense the Defendant pleads guilty.
> Do you understand that?
>
> DEFENDANT MORENO-ESPADA: Yes.
>
> THE COURT; This means that the terms that appear on the Plea Agreement are only a recommendation and they are not mandatory.
> Do you understand that?
>
> DEFENDANT MORENO-ESPADA: Yes.
>
> THE COURT: Do you understand that, if the Court imposes a sentence up to the maximum established by statute which tends to be higher or more severe

CIVIL 09-1848CCC                                          3

>than any one (1) you may be expecting, for that reason alone, you cannot withdraw the guilty plea, and you will remain bound to fulfill all of the obligations under the Plea Agreement?
>Do you understand that?
>
>DEFENDANT MORENO-ESPADA: Yes.

Transcript of Change of Plea Hearing, p. 21 line 7 though p. 22, line 6.

>THE COURT: Have you and your attorneys talked about how the Sentencing Guidelines may apply to your case?
>
>DEFENDANT MORENO-ESPADA: Yes.
>
>THE COURT: Do you understand that the Court will not be able to determine the Guideline Sentence for your case until after a Pre-Sentence Report has been completed, and you and the Government have had an opportunity to challenge the reported facts and the application of the guidelines recommended by the Probation Officer?
>Do you understand that?
>
>DEFENDANT MORENO-ESPADA: Yes.
>
>THE COURT: Do you understand that the sentence imposed may be different from any estimate your attorney may have given you?
>
>DEFENDANT MORENO-ESPADA: Yes.
>
>THE COURT: Do you understand that the guideline range is advisory and, after it has been determined, the Court can, in some circumstances, depart from the guidelines and impose a sentence that is more severe or less severe than the one you may be expecting?
>
>DEFENDANT MORENO-ESPADA: Yes.

Transcript of Change of Plea Hearing, p. 28 line 3 though p. 29, line 4.

Although Petitioner also avers that his attorney was again ineffective when he failed to advise him that he could withdraw the plea after learning of the actual sentencing exposure once the PSR was disclosed, there is simply no merit to this claim. Plainly stated, this is not a valid reason to withdraw a plea of guilty. "The fact that a defendant finds himself faced with a stiffer sentence than he had anticipated is not a fair and just reason for abandoning a guilty plea." United States v. Torres-Rosa, 209 F.3d 4, 9 (1st Cir. 2000); United States v. Rodríguez-León, 402 F.3d 17, 26 (1st Cir. 2005); United States v. Moore, 362 F.3d 129, 135 (1st Cir. 2004); Miranda-González v. United States, 181 F.3d 164, 165 (1st Cir.

CIVIL 09-1848CCC                                                  4

1999); United States v. González-Vázquez, 34 F.3d 19, 22 (1st Cir. 1994). Petitioner was so advised during the plea colloquy, as related above. If anything, petitioner's counsel was reasonably competent by refraining to advise Petitioner on the filing of a groundless motion.

But even if we were to assume that the attorney was deficient in both instances, Petitioner has failed to demonstrate that he was prejudiced. In the plea context, a defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (emphasis ours). In order to do so, he must make more than a bare allegation that he "would have pleaded differently and gone to trial." Key v. United States, 806 F.2d 133, 139 (7th Cir.1986). Here, Petitioner only states in his Motion that "there is evidence on the record that . . . a better plea could have been renegotiated since that is what the other defendants who pleaded after him did...," Motion, at p. 6, and that "he could also have received a more lenient sentence because there was less evidence against the Petitioner than against his brother."[2] Motion, at pp. 6-7. Aside from there being no specific factual support offered in the Motion for either averment,[3] both merely indicate an intention by Petitioner of pleading guilty again.[4]

---

[2]  Defendant's brother, Joel Moreno-Espada, was a co-defendant.

[3]  Merely stating facts in a memorandum is, in any event, insufficient. The Rules Governing Section 2255 Proceedings, in its Rule 2, specifically require that factual allegations be presented under oath by mandating that the Motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." The Petition filed here was not so verified, and while a sworn statement was attached to it - that of Petitioner's defense counsel in the criminal case - it does not serve to support any of the two allegations referenced above.

[4]  The Court of Appeals, in rejecting on Petitioner's direct appeal the claim that he was prejudiced by the inadequacy of the disclosure of his sentencing exposure prior to the guilty plea, also noted his failure to aver that he "had a realistic chance at a better result by eschewing a guilty plea," and went on to observe that "[e]very indication is that the evidence against [him] was formidable, and that disclosure of the[ ] greater sentencing exposure[ ] would [not] have dissuaded [him] from taking the plea deal[ ] offered by the government." See Judgment by Court of Appeals dated September 17, 2008.

CIVIL 09-1848CCC                                        5

      As for defendant's supplemental argument--that having accepted guilt under §846 and not under §841(a)(1) he then could not be found guilty and sentenced under §860--we find it to be equally unavailing.  Under 21 U.S.C. §846, "[a]ny person who attempts or conspires to commit <u>any offense defined in this subchapter</u> shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." (Emphasis ours.) 21 U.S.C. §860, in turn, in its relevant part makes criminally liable "[a]ny person who violates section 841(a)(1) of this title . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a . . . housing facility owned by a public housing authority...."  Thus, under the plain statutory language, all that is required for a person to be convicted of conspiring to violate §860 is that he conspires to violate section 841(a)(1) by either distributing, possessing with intent to distribute, or manufacturing a controlled substance in or within one thousand feet of a housing facility owned by a public housing authority.  Count One of the Indictment in Crim. No. 05-0383(CCC), to which Petitioner pled guilty, charged him and others with precisely "conspir[ing] . . . to possess with intent to distribute, and distribute narcotic controlled substances . . . inside or within one thousand (1,000) feet of real property comprising a housing facility owned by a public housing authority, that is, the Las Palmas Public Housing Project, Coamo, Puerto Rico, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), 846 and 860."  The transcript of his change of plea hearing reveals that Petitioner admitted doing just that.  <u>See</u> Transcript, p. 32, line 12 through p. 34, line 18.  Hence, Petitioner was correctly charged for conspiring to violate §860, a crime for which he knowingly, willfully and voluntarily self-convicted and was properly sentenced.  The final error he averred was never committed.

CIVIL 09-1848CCC                               6

    Having addressed and disposed of all of plaintiff's claims, we find no merit to his Motion Under 28 U.S.C. §2255 (docket entry 1).  Accordingly, the same is DENIED. Judgment shall be entered DISMISSING this action, with prejudice.

    SO ORDERED.

    At San Juan, Puerto Rico, on June 8, 2010.


                                        S/CARMEN CONSUELO CEREZO
                                          United States District Judge